UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHIRLEY A. HOLT,**

    **Plaintiff,**

v.                                    CASE NO. 8:04-CV-731-T-17EAJ

**JO ANNE BARNHART,**
**Commissioner of Social**
**Security Administration,**

    **Defendant.**
_____ /

<u>**FINAL ORDER**</u>

Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and a period of disability.

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case.[1]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 10).

substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. 405 (g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

I.

Plaintiff filed her current application for disability insurance benefits (DIB) and a period of disability on June 7, 2001, with an alleged onset of disability of May 22, 1999 due to lower back pain, numbness, and pain in her lower extremities. (T 10, 99-108)  Plaintiff alleged that her onset of disability was

2

caused by a work-related injury she sustained in 1998 and for which she had surgery on April 21, 1999. (T 12, 181) At the time of the administrative hearing, Plaintiff was 52 years old with an eleventh grade education. (T 11) Plaintiff's past work experience was as a certified nurse's aide, home health aide, and waitress. (T 11)

Plaintiff's application for benefits was denied on August 17, 2001, and upon reconsideration on December 6, 2001. (T 10) A hearing was held before the ALJ on August 4, 2003. (T 23-50) On October 2, 2003, the ALJ issued his decision in which he determined that Plaintiff was not disabled within the meaning of the Social Security Act. (T 15)

The ALJ found that Plaintiff met the disability insured status requirements of the Act on May 22, 1999, Plaintiff's alleged onset date, and continued to meet the requirements until December 31, 2004. (T 14) Further, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since May 22, 1999. (Id.) In addition, the ALJ found that Plaintiff has degenerative lumbar disc disease, status post laminectomy and fusion, and hypertension, impairments considered "severe," but that did not meet or medically equal one of the listed impairments. (Id.) However, the ALJ decided that Plaintiff had the residual functional capacity ("RFC") to perform the full

range of light work. (Id.) The ALJ further noted that although Plaintiff's past relevant employment as a certified nurse's aide is classified at the medium exertion level, Plaintiff reported that she performed this job at the light exertion level, and her past relevant work as a waitress is also classified at the light exertion level. (Id.) Finally, based on the medical evidence and Plaintiff's testimony at the hearing, the ALJ did not find the Plaintiff's allegations of total disability to be credible. (Id.) Accordingly, the ALJ determined that Plaintiff could return to past employment and was, therefore, not eligible to receive disability benefits.

Plaintiff alleges that the ALJ erred by (1) failing to follow SSR 96-8p by improperly basing his RFC determination solely on his credibility determination without performing a function-by-function analysis of Plaintiff's capabilities; and (2) failing to follow SSR 96-2p by assigning "great weight" to non-examining, non-treating state medical reviewers over Plaintiff's treating physicians without supporting medical evidence.

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**II.**

**A.** Plaintiff's first issue combines two distinct analyses: (1) whether the ALJ made a proper credibility determination as to Plaintiff's subjective allegations of pain; and (2) whether the ALJ's RFC determination was flawed due to the ALJ's failure to perform a function-by-function assessment of Plaintiff's capabilities.

1. Plaintiff alleges that the ALJ failed to make a proper credibility determination as to Plaintiff's subjective allegations of pain.

The Eleventh Circuit applies a three part "pain standard" when evaluating subjective complaints of pain. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995). The claimant must produce (1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the pain resulting from the medical condition or (3) evidence that the condition is so severe that it can be reasonably expected to cause the alleged pain. Id. This standard is consistent with Social Security regulations which provide that a claimant may establish a disability through subjective testimony of pain if "medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms."

Elam v. R.R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (citing 20 C.F.R. §§ 404.1529, 416.929).

Here, the ALJ properly assessed Plaintiff's subjective allegations of pain as required by 20 C.F.R. § 404.1529 and Eleventh Circuit case law. The ALJ addressed Plaintiff's subjective allegations of pain in his RFC analysis. The ALJ noted that Plaintiff's degenerative lumbar disc disease, status post laminectomy and fusion, and hypertension were "severe" within the meaning of the Act. (T 11) The ALJ also discussed Plaintiff's medical history in detail, from the alleged onset of disability through 2002. Specifically, the ALJ discussed the medical evidence on record from Owen McCarthy, M.D. ("Dr. McCarthy")(Plaintiff's orthopaedic surgeon), as well as Albert Nestor, D.O. ("Dr. Nestor")(Plaintiff's primary treating physician), Doreen M. Dupont, M.D. ("Dr. Dupont") (a non-treating consultative physician), and Dr. Geller, M.D. ("Dr. Geller")(Plaintiff's one-time examining physician).

Further, the ALJ noted that Plaintiff testified that "she is taking Neurontin and Ibuprofen for her pain," and that she lies down "5-6 hours a day to relieve her pain." (T 13, 37-40) However, the ALJ went on to note that Plaintiff also testified that "she drives short distances, cooks, goes shopping, does

light cleaning and watches television" and that she "crochets as a hobby." (T 13, 42-45)  Based on the medical evidence and testimony of record, the ALJ concluded that while Plaintiff "has some discomfort," her "allegations are exaggerated and not credited to the degree that claimant would be precluded from *all* work activity." (T 13) (emphasis added)

Once the ALJ has evaluated a claimant's subjective allegations of pain, the ALJ "may reject them as not credible." Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992). However, where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so or the record must be obvious as to the credibility finding. Foote, 67 F.3d at 1561-62; Jones v. Dep't of HHS, 941 F.2d 1529, 1532 (11th Cir. 1991).  The articulated reasons for discrediting a claimant's testimony must be supported by substantial evidence. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1560. However, the court must consider the entire record and take account of evidence in the record which detracts from the evidence relied upon by the Commissioner. Id.; See also Parker v. Bowen, 793 F.2d 1177, 1180 (11th Cir. 1986).

In this case, the Commissioner's arguments are persuasive because the ALJ clearly articulated his credibility finding and the finding is supported by substantial evidence in the record. See <u>Allen v. Sullivan</u>, 880 F.2d 1200, 1203 (11th Cir. 1989)(the ALJ properly determined that a plaintiff's subjective complaints were not fully credible after stating three specific reasons for discrediting that plaintiff's complains which were borne out in the record).

First, the ALJ clearly articulated his credibility finding when he stated that Plaintiff's "allegations of total disability are not credible." (T 13) Second, the ALJ supported his credibility finding with substantial evidence. In addition to Plaintiff's testimony noted above, the ALJ also noted that "in a report of contact dated December 5, 2001, the claimant stated that she is able to do her own grocery shopping without difficulty, cook easy meals for herself, and balance her checkbook. (T 13, 138) Although on January 28, 2000, Dr. McCarthy, Plaintiff's orthopaedic surgeon, initially advised Plaintiff that she should refrain from "lifting over 10-15 pounds, no repetitive bending, squatting, or climbing," between March 10 and October 16, 2000, Dr. McCarthy made three separate notations regarding Plaintiff's improvement. (T 13, 173-175) For example, Dr. McCarthy noted that Plaintiff was attending

8

phlebotomist school, had raked the yard, was feeling much better, and was sitting a lot.[2] (T 13, 174-175) In addition, the ALJ also noted that Dr. Dupont noted, in her consultative examination report, that "the claimant walked within normal limits when she was unaware that she was being observed, and while being examined her gait had a limp," but that "she had positive straight leg rising on the left at 60 degrees and 80 degrees on the right." (T 12, 263)

Because the ALJ's credibility finding was clearly articulated and is supported by substantial evidence in the record, the ALJ's decision is affirmed as to this issue.

2.   Plaintiff alleges that the ALJ failed to perform a function-by-function analysis of Plaintiff's RFC as required by 96-8p.

Social Security Regulations place responsibility for the RFC solely on the ALJ.   See 20 C.F.R. § 404.1546(c).   In making the RFC determination, the ALJ must consider opinions from medical sources, but his decision must be based on all relevant evidence, including observations by the claimant and others such as family, neighbors, and friends.   See C.F.R. § 404.1545(a)(3). In support

---

[2] At the administrative hearing, Plaintiff denied telling her physician that she raked the yard.  (T 48) The ALJ was entitled to weigh this conflicting evidence and make appropriate credibility choices.

9

of her argument as to this issue, Plaintiff relies on Social Security Ruling 96-8p's requirement that the ALJ's RFC include a function-by-function analysis of the claimant's residual capabilities.  The Social Security Administration's rulings are not binding on this court, however, they are accorded deference. See Fair v. Shalala, 37 F.3d 1466, 1469  (11th Cir. 1994); B.B. ex. rel. A. L. B. v. Schweiker, 643 F.2d 1069, 1071 (5th Cir. April 1981).

Plaintiff has cited Strawhacker v. Apfel, a case from the Southern District of Iowa, for the proposition that the ALJ may not make an RFC determination "based solely upon a credibility finding and without providing a rationale explaining the specific functions that Ms. Holt is capable of performing," the facts of Strawhacker are distinguishable from the instant case.  17 F. Supp. 2d 880, 885 (S.D. Iowa 1998) (citing Soth v. Shalala, 827 F. Supp. 1415, 1417 (S.D. Iowa 1993).  In Strawhacker, the court said only that "[a] credibility finding is not equivalent to proving residual functional capacity with medical evidence." Strawhacker, 17 F. Supp. 2d at 885.  In Strawhacker, the ALJ's RFC determination was based solely on the ALJ's credibility determination and was contrary to the medical evidence.  In the instant case, the ALJ's RFC determination was not based solely on

his credibility finding and the RFC was consistent with both the medical evidence and Plaintiff's testimony.

Although the ALJ did not articulate his RFC determination on a function-by-function basis in his decision, the ALJ's decision did specifically reference two RFC assessments completed by state-agency physicians. (T 13, 267-283) Both of the RFC assessments referenced by the ALJ properly included function-by-function analyses of Plaintiff's capabilities before determining that Plaintiff could perform work consistent with light work.[3] (T 267-274, 276-283) The ALJ also referenced Plaintiff's testimony regarding her daily activities and the consistency between that testimony and the medical evidence of the record.

In making his RFC determination, the ALJ did not rely solely on his credibility finding--he relied on two function-by-function assessments completed by state-agency physicians which were supported by the medical evidence and the record as a whole.

---

[3] Light work is defined as work requiring "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567 (b). The Regulations also note with regards to light work that "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." Id.

11

As a result, the ALJ's RFC assessment is supported by substantial evidence, and the ALJ's decision as to this issue is affirmed.

**B.**   Plaintiff's second issue is whether the ALJ's assignment of "great weight" to evaluations from Plaintiff's non-examining, non-treating state medical reviewers over evaluations from Plaintiff's treating physicians was supported by substantial evidence.

In the Eleventh Circuit, the "testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary."   Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  However, it is not improper for the ALJ to consider reports of non-examining, non-treating physicians "as long as the treating physician's opinion is accorded proper weight."   Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).

Plaintiff's arguments as to this issue are unfounded because the findings of the state-agency physicians were consistent with the findings of Plaintiff's treating physicians and the record as a whole.   Specifically, Plaintiff argues that "[t]he ALJ failed to explain why he assigned 'great weight' to the opinions of non-examining state agency medical reviewers and accepted their

12

opinions *over* the evaluations and opinions of Ms. Holt's treating physicians." (Dkt. 13 at 15) (emphasis added) Plaintiff further argues that "the ALJ essentially rejected all of the [] treating physicians' opinions and gave 'great weight' to the non-examining state agency physicians' opinions in determining that [Plaintiff] could perform 'light' work." (Dkt. 13 at 15)

However, Plaintiff's argument does not present an accurate reflection of the ALJ's decision. Although the ALJ did afford "great weight" to the non-treating state agency physicians, he also afforded "considerable weight" to Plaintiff's treating orthopaedic surgeon, Dr. McCarthy. (T 13) The ALJ's assignment of "considerable" weight to the treating physician is supported by the law of the Eleventh Circuit. As noted above, a treating physician must be afforded "substantial *or* considerable" weight unless good cause is shown to the contrary. See Lewis, 125 F.3d at 1440 (emphasis added).

Plaintiff underwent a decompressive laminectomy with autogenous fusion of her L4-5 vertebra on April 21, 1999 by Dr. McCarthy, an orthopaedic surgeon. (T 182) In affording "considerable weight" to the opinion of Dr. McCarthy, the ALJ noted that on January 28, 2000, Dr. McCarthy advised Plaintiff that "she would have work restrictions that included no repetitive lifting over 10-15 pounds, no repetitive bending,

13

squatting or climbing." (T 13, 175)  The ALJ also noted that on three subsequent examinations, Dr. McCarthy noted improvement in Plaintiff's condition as follows: 1) on March 10, 2000, he indicated that claimant was going to school to be a phlebotomist; 2) on May 12, 2000, he noted that claimant had lost weight, raked the yard, and was doing much better; and 3) on October 16, 2000, he indicated that claimant was still going to phlebotomy school and was sitting a lot. (T 12-13, 173-174)  As a result, substantial evidence supports the ALJ's findings as to Dr. McCarthy that Plaintiff is capable of performing light work.

As Plaintiff notes, the ALJ also afforded "some weight" to a report by Dr. Nestor dated September 20, 2001.  The ALJ stated that Dr. Nestor, a treating physician, indicated that while claimant had "marked pain and limitation of movement in her lumber spine, there was no sensory loss, and motor reflexes were somewhat diminished in the left lower extremity compared to the right" and "the claimant had no significant gross abnormalities that affected her grip strength or dexterity." (T 13) While the ALJ's decision does not explain his rationale for affording Dr. Nestor's report only "some weight," the undersigned does not find this determinative.  Plaintiff has not argued that Dr. Nestor's opinion is inconsistent with the ALJ's finding that Plaintiff is capable of performing light work.  In any event, this court would

14

not find that argument persuasive.

As to Plaintiff's concern that the ALJ's decision does not include an assignment of weight to the opinion of Dr. Geller, this Court also finds that the ALJ's decision is not undermined by this omission. Dr. Geller is one of many physicians who saw Plaintiff between March 27, 2000, and February 23, 2002. The ALJ is not required to assign specific weight to Dr. Geller, a physician who saw Plaintiff once on January 24, 2002, and who did not offer an opinion on her functional capacity or ability to work.[4]

---

[4] The ALJ refers to Dr. Geller as a treating physician in the decision denying benefits. (T 12) The ALJ states:

> Progress note dated January 24, 2002 from Dr. Geller, the claimant's treating physician at Sarasota Memorial Hospital, showed that the claimant complained of chronic low back pain that she treated with high doses of ibuprofen. Physical examination revealed that the claimant had mild straight leg raising at 90 degrees on the left with positive Lasegue sign. Dr. Geller diagnosed the claimant with neurologic pain. Progress notes reveal that the claimant received medication therapy for her hypertension and neurologic pain.

(T 12)

This court determines that the ALJ did not intend to consider Dr. Geller a treating physician. The ALJ stated that Dr. Geller was Plaintiff's treating physician *at Sarasota Memorial Hospital*, not Plaintiff's general treating physician. The record shows that Plaintiff saw Dr. Geller only once. (T 203) Dr. Geller is a one time examiner. By definition, a one-time examining physician is not a treating physician. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987), citing, Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986).

15

Finally, the ALJ afforded "great weight" to the opinions of the non-treating, state-agency physicians because their opinions were "supported by the medical evidence and consistent with the record as a whole." (T 13) The ALJ specifically noted that both of the state-agency physicians determined that Plaintiff was capable of performing "work at the light exertion level." (<u>Id.</u>) These findings were also consistent with Plaintiff's testimony at the hearing that she "drives short distances, cooks, goes shopping, does light cleaning . . . watches television and crochets." (<u>Id.</u>) In affording "great weight" to the state-agency physicians, the ALJ did not reject the treating physicians' opinions. Neither Dr. McCarthy nor Dr. Nestor (the two treating physicians) made any assessments which contradict the assessments of the non-examining physicians.

Because there is substantial evidence supporting his decision that Plaintiff is capable of performing light work and can return to her former work, the ALJ's decision as to this issue is also affirmed.

## CONCLUSION

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) the decision of the Commissioner denying benefits is **AFFIRMED**; and

(2) the Clerk of Court shall enter judgment in favor of the Defendant and close the file.

 **DONE AND ORDERED** in Tampa, Florida on this 31st day of May, 2005.

ELIZABETH A JENKINS
United States Magistrate Judge